UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMIRO HERNANDEZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>GREEN TREE SERVICES, et al.,<br><br>                    Defendants. | Case No. 2:15-cv-02084-MMD-NJK<br><br>ORDER |

**I.     SUMMARY**

This removed action involves a dispute relating to a loan modification. Before the Court is Defendants Green Tree Servicing LLC ("Green Tree") and Ditech Financial LLC's ("Ditech") Motion to Dismiss. (ECF No. 11.) The Court has reviewed Plaintiff's response and Defendants' reply.[1] (ECF Nos. 17, 18.)

**II.    BACKGROUND**

Plaintiff is pursuing this action *pro se*. The following facts are taken from the Complaint. Plaintiff "initially fell behind on mortgage payments" on a loan that was presumably secured on the real property located at 2205 Jansen Avenue in Las Vegas ("the Loan"). (ECF No. 1-1 at 3.) In May 2010, Bank of America approved Plaintiff's loan modification and Plaintiff "was instructed that said 'Modification Agreement' would become a permanent modification upon completion of the trial payments." (*Id.* at 3.) The servicing rights to the Loan were subsequently transferred to Green Tree and then

---

[1] Plaintiff's response was untimely. However, the Court will consider Plaintiff's response.

to Ditech, but despite his request for "information on said 'permanent modification,'" Plaintiff has yet to receive confirmation. (*Id.*) Nor has Plaintiff received other pertinent information, such as a form amortization schedule or how his payments in the last five years have been applied. (*Id.*) The statements Plaintiff has received show the amount of "Deferred P&I" has remained the same. (*Id.*) The loan modification agreement made with Bank of America "appears to never have been made final nor recorded." (*Id.*)

The Complaint recites the elements of misrepresentation and the requirements for pleading fraud. (*Id.* at 5-6.) The Complaint further moves for preliminary injunction and seeks to quiet title as a relief. (*Id.* at 6-7.) Accordingly, it appears that Plaintiff is trying to assert claims for misrepresentation and fraud and he seeks injunctive relief.[2] Defendants move for dismissal under Rule 12(b)(6) and Rule 9 of the Federal Rules of Civil Procedure.

### III.  DISCUSSION

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all

---

[2] Plaintiff does not contend otherwise in his response brief.

well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but it has not shown — that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks and alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

Plaintiff's claims for fraud and misrepresentation are subject to Rule 9(b)'s particularity requirements. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet the heightened pleading requirements, a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999). In a case with multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his

///

alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir.2007) (internal quotation marks and citation omitted).

Here, the Complaint fails to allege fraud and misrepresentation with even general allegations, let alone with the level of details that meet Rule 9's particularity requirements. Plaintiff recites the elements of misrepresentation and recites case law about the requirements for pleading fraud, but such "formulaic recitation of the elements of a cause of action" is insufficient. *See Iqbal*, 556 US at 678. For example, in support of the misrepresentation claim, the Complaint fails to allege what false statements were made and by which Defendant, when the false statements were allegedly made, whether Defendant knew or believed the representation to be false, whether Defendant intended to induce Plaintiff to act, whether Plaintiff relied on Defendant's statement, and how Plaintiff was damaged. Plaintiff sues Green Tree and Ditech, but he fails to differentiate their alleged conduct and lumps them with Bank of America, who is not a defendant.

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). As Plaintiff is proceeding *pro se*, the Complaint has not been previously amended, and the Court cannot conclude from the scant Complaint that amendment would be futile, the Court grants leave to amend the Complaint to cure the deficiencies set forth in this Order.

### IV. CONCLUSION

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 11) is granted. Dismissal is without prejudice and with leave to amend. Plaintiff has fifteen (15) days to file an amended complaint. Failure to file an amended complaint will result in dismissal with prejudice.

DATED THIS 9th day of May 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4